Learned, J.
Under a bill of interpleader after it had been adjudged that the bill was properly brought, the question between the interpleading defendants was decided as best suited the nature of the case; by an action, or a feigned issue, or a reference. Angell v Hadden, 16 Ves. 202.
Perhaps the Court of Equity, haying jurisdiction of the original action, might dispose of the question between the defendants by its own methods.
But that is not the present case. Here the action was originally an action at law (to use the old phrase) and was triable *86 by a jury. If Charles A. Mosher had sued the company, his action would have been of the same character. In each, the parties would have been by the Constitution and laws entitled to a jury trial. Code, § 968.
The proceeding in the nature of interpleader, Code, § 820, did not change the character of the action. It only admitted the liability of the company to some one, and left each of the claimants to prove his ownership of the claim.
Each of the parties was now to give evidence tending to show that he had a cause of action against the company for a sum of money. Neither of them had a cause of action against the other; but each claimed to have a cause of action against the company; and practically these two causes were tried in this one action. But each of these was a cause of action at law (to use the old phrase) and each was triable by a jury. Each of such actions which might have been brought by the plaintiff and the defendant would have demanded simply judgment for a sum of money; and that is all which either party can now have in this action. There is no other relief sought for; and no such relief as was within the pretended province of a Court of Equity.
Of course under section 1009, a party may waive a jury trial; and if in this case the defendant had so moved the trial and the plaintiff had not objected, the trial might liavé been had by the court. But this was not what toot place. The defendant said it was an equity case; the plaintiff did not reply; and the court announced that it would put a jury in the box, to which it might .submit any specific question of fact. Therefore the plaintiff had a jury to pass on the questions in controversy. If the court had refused to have a jury called, or had refused to submit any question to such jury, the plaintiff could have objected, and could have insisted on her right to a jury trial. But there was no occasion to object, since she had a jury.
Now the verdict rendered by the jury was neither a general nor a special verdict. Sections 1186, 1187. It was irregular. But neither party objected to this irregularity; and it was evidently assumed that this verdict was practically conclusive of the ease.
As this was an action triable of right by a jury, it would seem, if the jury trial were waived, that the cause must be tried by the court. Section 1008. And it would seem also that there is no authority in such an action for directing a specific question of fact, to be tried by a jury. Section 971. Such authority is limited to actions not of right triable by a jury.
If we were satisfied that the plaintiff waived a jury trial, and consented thereby to a trial by the court, we might pass over the irregularity. But we do not see such waiver, when the .plaintiff went into the trial with a jury iñ the box, to which *87 the plaintiff could have insisted that the whole issue should be submitted. And this is the more apparent, since, if there had been a waiver of a jury trial in a case to which the parties were entitled thereto, there could have been no submission of a specific question to a jury. Section 971.
It appears from the order of September 13, that the motion granted was to set aside the verdict as contrary to law and evidence. And it appears by the affidavits that the learned Justice refused to set it aside upon principles applicable only to findings in equity.
If then, as would seem, the learned Justice set aside the verdict as contrary to law and evidence, his order could only be reviewed by appeal.
But the question as to his right to find facts and enter a judgment thereon, still remains, and can be heard on this appeal.
So far then as the order of September 28th, appealed from, refused to set aside the order of September 13th, (which was the order setting aside the verdict) we think it was correct. But so far as it refused to set aside the judgment including the findings of fact and conclusions of law, we think it was incorrect. And we think the order setting aside the verdict should contain an order for a new trial.
We do not know whether the plaintiffs are in time to review by appeal the order setting aside the verdict. Nothing in the order now granted is to interfere with that right.
An order is granted in conformity with these views and without costs to either party.
Bockes and Landon, JJ., concur.